UNITED STATES of America,
Plaintiff–Appellee,

v.

Hector Otoniel FLORES–ESPARZA,
Defendant–Appellant.

No. 06–50128
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Lucien B. Campbell, Federal Public Defender, Philip J. Lynch, Federal Public Defender's Office, Western District of Tex-

as, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Hector Otoniel Flores–Esparza appeals his 46–month sentence imposed following his plea of guilty to illegal reentry following deportation. He contends that his sentence is unreasonable because the district court failed to properly weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and imposed a term of imprisonment greater than necessary to meet the objectives of § 3553(a)(2).

The record reflects that the district court considered the factors set forth in § 3553(a) when it determined that a 46–month term of imprisonment was a fair and reasonable sentence in Flores–Esparza's case. *See United States v. Mares,* 402 F.3d 511, 518–19 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). Flores–Esparza's sentence fell at the lowest end of his properly calculated advisory guidelines range and is presumptively reasonable. *See United States v. Alonzo,* 435 F.3d 551, 554–55 (5th Cir.2006). Flores–Esparza has failed to rebut that presumption. *See id.*

Flores–Esparza challenges 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Flores–Esparza's constitution-al challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Flores–Esparza contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Flores–Esparza acknowledges the Supreme Court's decision in *Almendarez–Torres,* but raises the issue to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.